1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF MISSISSIPPI

3

    UNITED STATES OF AMERICA,        )
4                                    )
            Plaintiff,               )            CASE NO.  3:15CR70
5                                    )
                VS.                  )
6                                    )
    DONG LIN,                        )
7                                    )
            Defendant.               )
8    _____

9

10              SENTENCING AS TO COUNT 1 OF THE INDICTMENT
                BEFORE DISTRICT JUDGE MICHAEL P. MILLS
11               THURSDAY, MAY 26, 2016; 10:00 A.M.
                     OXFORD, MISSISSIPPI
12
    FOR THE GOVERNMENT:
13
        United States Attorney's Office
14      MICHAEL HALLOCK, ESQ.
        900 Jefferson Avenue
15      Oxford, Mississippi  38655-3608

16
    FOR THE DEFENDANT:
17
        Attorney at Law
18      STACEY VAN MALDEN, ESQ.
        5114 Post Road
19      Bronx, New York  10471

20
    INTERPRETER:  Robin Murphy
21
        Proceedings recorded by mechanical stenography, transcript
22  produced by computer.

23  _____

            RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
24              FEDERAL OFFICIAL COURT REPORTER
               911 JACKSON AVENUE EAST, SUITE 369
25                 OXFORD, MISSISSIPPI 38655

```
 1          (CALL TO ORDER OF THE COURT)

 2              THE COURT:  Mrs. Pennebaker, you want to call the

 3 docket?

 4              THE COURTROOM DEPUTY:  Court calls Cause No.

 5 3:15CR70, United States of America v. Dong Lin.  This is a

 6 sentencing as to Count 1 of the indictment.

 7              THE COURT:  All right.

 8      Who do we have from the Government?

 9              MR. HALLOCK:  Michael Hallock on behalf of the United

10 States.  Good morning, Your Honor.

11              THE COURT:  Good morning.

12      And for the defense?

13              MS. VAN MALDEN:  Good morning, Your Honor.  Stacey

14 Van Malden on behalf of Mr. Lin.  How are you?

15              THE COURT:  All right.  And do you have your client

16 with you?

17              MS. VAN MALDEN:  I certainly do.  This is Mr. Lin

18 standing to my right.

19              THE COURT:  All right.

20              MS. VAN MALDEN:  Your left.

21              THE COURT:  Glad to have you.

22      Who do we have from probation?

23              MR. COLE:  Brandon Cole, Your Honor.

24              THE COURT:  All right.

25      And do we have an interpreter?
```

1          THE COURTROOM DEPUTY:  Yes, sir.

2          THE INTERPRETER:  Yes, Your Honor.  Good morning.

3          THE COURT:  Good morning.

4          THE INTERPRETER:  Mandarin interpreter Robin Murphy.

5          THE COURT:  All right.

6     You want to administer the oath to the interpreter.

7     (OATH ADMINISTERED BY THE COURTROOM DEPUTY)

8          THE COURT:  And, Ms. Malden, have you reviewed the

9  Presentence Report with your client?

10          MS. VAN MALDEN:  Yes, I have, with the assistance of

11  the mandarin interpreter.

12          THE COURT:  And do you have any unresolved

13  objections?

14          MS. VAN MALDEN:  Well, there are -- there's one major

15  unresolved objection, and that is the two criminal history

16  points for Mr. Lin's prior driving while ability impaired

17  convictions.  The bottom line here is that with -- with his

18  guideline score, his range, and the Government's motion, it may

19  be academic; but, just for the record, I put the -- my

20  objections in a pleading to the Court.

21     Essentially, New York State's driving while ability

22  impaired is a traffic infraction.  It is different than driving

23  while under the influence of alcohol.  You need to do it three

24  times in order for it to be raised to a misdemeanor.

25     And I understand that the application note says driving

 1  while intoxicated or anything similar should be counted.  There

 2  are no -- we don't have the benefit of the underlying facts

 3  here, so we don't know whether it was more like careless and

 4  reckless driving or whether in fact his blood alcohol content

 5  was sufficient to raise it to a driving-while-intoxicated-type

 6  charge.

 7       The -- it's almost borderline.  I can tell you that,

 8  ordinarily, if you've pled guilty to a driving while ability

 9  impaired in New York, you're not going to get another one

10  unless there's something very special about your case where

11  you're below the legal limit on both occasions.  So, with that,

12  there's really not much more that I can add.

13            THE COURT:  All right.

14       Does the Government agree?

15            MR. HALLOCK:  Your Honor, the Government agrees with

16  the recommendations of probation, that there were two offenses,

17  each charged that he drove with alcohol over the .08 limit.

18  And the Government agrees with Application Note 5 from 4A1.2

19  that both of those should always be counted for criminal

20  history points.  Thank you, Your Honor.

21            THE COURT:  All right.

22       You have anything else on that Ms. Malden?

23            MS. VAN MALDEN:  There was one other thing in the

24  Presentence Report.

25            THE COURT:  You have anything else on that objection?

1            MS. VAN MALDEN:   Oh.   On that objection, no.

2            THE COURT:   Well, I've reviewed the probation

3  officer's response to the objection raised; and the response

4  prepared by probation states that the Application Note 5 to

5  Guideline Section 4A1.2 states the convictions for driving

6  while intoxicated, or under the influence, and similar

7  offenses, by whatever name they are known, are always counted,

8  without regard to how the offense is classified.

9       And, in Paragraph 30 of the Presentence Report, the

10  defendant was initially charged with driving while intoxicated

11  first offense and operating a motor vehicle with .08 percent

12  alcohol or more.   He pled guilty to driving while ability

13  impaired by the consumption of alcohol.

14       And I am satisfied by probation's interpretation of the

15  notes that his guilty plea satisfied the charges of driving

16  while intoxicated first offense and operating a motor vehicle

17  with .08 percent alcohol or more in the blood, first offense.

18  Your objection is overruled.   Did you have any other

19  objections?

20            MS. VAN MALDEN:   There's -- in his Presentence

21  Report, there's an indication of an open Kings County, New

22  York, case for assault and various other charges.   And, in the

23  update to the Presentence Report, Mr. Cole contacted New York;

24  and they told him that the case had been sealed; and that he

25  would not be able to get the information -- other information.

1       What I can tell the Court is there are two situations in

2 New York where they seal a case.  One is where there's an

3 outright dismissal or a dismissal after a 6- or 1-year period.

4 The other is after -- if somebody pleads guilty to an offense,

5 we call it a violation, which is not a crime.

6       And they are sentenced to conditional discharge.  After

7 1 year, that sentence is -- that conviction is also sealed.  So

8 the only reason that an offense would be sealed would be if it

9 was in fact dismissed.

10            THE COURT:  All right.  Where is that in the report?

11            MS. VAN MALDEN:  That is Paragraph 36, pending

12 charges.

13            THE COURT:  Well, now that you've brought that to the

14 Court's attention -- I was not aware that he'd been involved in

15 any violence.

16            MS. VAN MALDEN:  Well, it was dismissed and sealed,

17 Your Honor; so there was no violence.  People can be arrested

18 and -- for things that they didn't do.  That's why we have our

19 courts.

20            THE COURT:  What is the Government's response to

21 this --

22            MR. HALLOCK:  Your Honor, no criminal history points

23 were assessed for this particular violation.  However, we have

24 no information, other than what the defense counsel has just

25 posited, that it was dismissed or --

1          THE COURT:  Then what is her objection?

2      What is your objection, Ms. Malden?

3          MS. VAN MALDEN:  I really didn't want the Court to

4 consider it against my client.

5          THE COURT:  I wouldn't have, but you brought it to my

6 attention now.

7          MS. VAN MALDEN:  Well, it was in the report; so

8 better to be out front with it than not, Your Honor.

9          THE COURT:  What was this menacing?  Maybe we need to

10 get into that.  What does menacing mean?

11          MS. VAN MALDEN:  This is -- Mr. Lin and his

12 girlfriend had gotten into a verbal altercation, and the

13 neighborhood called the police.  There was no -- I don't know

14 how things are done here.  In New York, when there's a domestic

15 violence call, somebody gets taken away from the situation,

16 better judgment just to keep everybody calm.

17      Oftentimes, the cases proceed; but, if it turns out that

18 it was a neighbor overreacting, and that it was merely a verbal

19 altercation that did not escalate, the District Attorney's

20 Office will in fact dismiss them.  And that is what happened in

21 this case.

22          THE COURT:  All right.  Well, to the extent that you

23 have objected, I'm going to overrule your objection.  I think

24 the Court is entitled to know as much information as it can

25 about a defendant who's appearing before the Court.

1          MS. VAN MALDEN:  Understood.  Just that this is a

2  charge, and there's been no conviction.  It's my information

3  the case, in fact, has been dismissed and sealed, which is what

4  happens with dismissed cases in New York.  And, without any

5  further underlying information, an arrest is an arrest; it

6  doesn't really mean anything until proven guilty beyond a

7  reasonable doubt, Your Honor.

8          THE COURT:  Well, and you're not being assessed any

9  criminal points for this.

10          MS. VAN MALDEN:  Understood.  Maybe I should have

11  just been quiet.

12          THE COURT:  Well, perhaps, sometimes, that's not a

13  bad policy to follow.

14          MS. VAN MALDEN:  It was in the report.  I couldn't

15  know that Your Honor had not looked at it.

16          THE COURT:  Well, you made a false assumption there.

17  I had looked at it, but it had not been brought to my attention

18  at the bench.  You have now brought these facts into the

19  record.

20          MS. VAN MALDEN:  Well, they're merely charges.

21  There's no underlying proof.  There's nothing to say that he

22  actually committed this offense; it's a charged offense.

23          THE COURT:  I don't think it said that he committed

24  anything.

25          MS. VAN MALDEN:  Maybe I should just withdraw my

 1  objection.

 2          THE COURT:  Well, you can do it as you please; but,

 3  since you have raised it, I have to rule upon it.

 4          MS. VAN MALDEN:  Understood.

 5          THE COURT:  So I will overrule your objection, if

 6  that's how you're styling it.  Did you have any other matters?

 7          MS. VAN MALDEN:  No, I did not.

 8          THE COURT:  Are you ready for the sentencing of your

 9  client?

10          MS. VAN MALDEN:  Yes, Your Honor.

11          THE COURT:  If you would come forward, please.

12      (PARTIES COMPLYING)

13          THE COURT:  Mr. Dong Lin, on a previous day, you pled

14  guilty to Count 1 of the indictment which charged you with

15  conspiracy to commit fraud involving counterfeit credit cards.

16  You are now before the Court for sentencing.  Is there anything

17  you would like to say before you're sentenced?

18          THE DEFENDANT:  I'm hoping that the Judge will give

19  me an opportunity to correct my mistake and give me a light

20  sentencing.  That's all.

21          THE COURT:  All right.  Thank you.

22      Ms. Malden, did you have anything you wish to say?

23          MS. VAN MALDEN:  Very briefly, Your Honor.  Mr. Lin

24  stands before you having pled guilty and admitted his crimes.

25  He's accepted responsibility for his actions.  The Government

1  has filed a motion for departure under 5K1.1 of the sentencing

2  guidelines.  Mr. Lin did offer substantial assistance to the

3  Government authorities not only here in Mississippi but also in

4  New York with the Secret Service.

5       He has -- as a result of that, he was threatened; and he

6  still -- there was a time period where the subject that he had

7  spoken of did threaten him, and he was living in fear for a

8  bit.

9       He has the prior run-ins with the law.  He's older today,

10  wiser today.  He has a little boy that he needs to make an

11  example for, a positive example for.  He's burned his bridges,

12  for certain, on the credit-card-fraud-type activities.  He has

13  stopped drinking alcohol after that second offense.

14       He has already served two months.  His guideline range is

15  1 to 7 months.  So I would -- asking for a sentence toward the

16  bottom of that range, which would not include additional

17  incarceration.  He has been compliant.

18       He has not been rearrested at any time since his arrest,

19  which I know you expect of all defendants.  But, in my

20  experience, that's not always the case.  But, in this case, it

21  is the case.  His friends who have been with him say that, in

22  jail, he's a good hearted man.  He's a decent human being.

23       He is working now.  He has a legal job.  He is earning

24  legal funds, and he has absolutely no intentions of committing

25  any further crimes.  So I would ask Your Honor to either

1  sentence the defendant to an -- to a period of probation, which

2  could include the time served of two months.  And I thank you

3  for your consideration.

4          THE COURT:  All right.  Thank you.

5      Anything from the Government?

6          MR. HALLOCK:  Your Honor, briefly, only that the

7  defendant has proffered to the Government; and we do expect him

8  to testify against the two other individuals who were involved

9  in this incident should they go to trial.  Thank you, Your

10 Honor.

11         THE COURT:  All right.  Thank you.

12     Mr. Lin, I'm about to state the reasons for your sentence.

13 I will adopt the Presentence Investigation Report without

14 change.  Under the statute, you could receive 0 to 5 years

15 imprisonment, up to a $250,000 fine; 0 to 3 years supervised

16 release; and a $100 special assessment.

17     Under the guidelines, you have a total offense level of

18 six, a criminal history category of Roman Numeral II.  The

19 guidelines provide for a sentencing range of 1 to 7 months, a

20 supervised release range of 1 to 3 years, and a fine of $500 up

21 to $5,000.  The fine will be waived in this case because of

22 your inability to pay.

23     The Government has filed, on your behalf, a motion

24 pursuant to Section 5K1.1 of the Federal Sentencing Guidelines

25 and 18 U.S.C. Section 3553(e) asking for a downward departure

1  in this case based on the substantial assistance that you have

2  provided to the Government.  The Government affirms that you

3  have cooperated fully, and that you have given a complete and

4  truthful statement in this case; and it is anticipated that you

5  will testify truthfully in the trial of some other individuals.

6       I find that the total amount of restitution in this case

7  is $7,165.  And, in imposing the sentence, I've considered the

8  advisory guideline range, the statutory penalties, and the

9  sentencing factors enumerated in 18 U.S.C. Section 3553(a)(2).

10  I see no reason to depart from the sentence called for by

11  application of the guidelines since the facts as found are of

12  the kind contemplated by the Sentencing Commission.

13       I have also reviewed your record.  And, in addition to the

14  matters that have been brought up earlier, you had another

15  conviction, I think, for driving while ability impaired -- or

16  maybe -- you had two.  And we've dealt with those.

17       You also had, in 2013, attempted theft by deception,

18  fraudulent use of a credit card, and uttering a forgery.  Is

19  that the same one he's here on, or is this another one?

20            MS. VAN MALDEN:  That one's out of New Jersey; and he

21  was given diversion, which is why I pointed out that he has now

22  burned those bridges.

23            THE COURT:  Okay.  That was the one in the Apple

24  store.  And where is he working now?

25            MS. VAN MALDEN:  He's working at a supermarket in

 1  Brooklyn.  It's called -- it's a Chinese supermarket.  He is in

 2  charge of restocking the fresh fish.

 3          THE COURT:  All right.  And I've looked at the

 4  letters from his wife who state that he's always been

 5  well-behaved, honest, and a kind person.  And she's asking for

 6  him to have one more chance.

 7      And then a letter from his colleague, I guess that's Min

 8  Dong Woo, who states that Mr. Lin is a very nice person, always

 9  smiling and gives off positive energy; and that Mr. Woo was

10  shocked at what happened to him in Mississippi.  And I hope

11  that's not a reflection on Mississippi.

12          MS. VAN MALDEN:  No.  It was a reflection, certainly,

13  on Mr. Woo.  I've found everybody here in Mississippi to

14  certainly be truthful.

15          THE COURT:  Have you ever heard of Waylon Jennings?

16          MS. VAN MALDEN:  Of course.

17          THE COURT:  You don't go writing hot checks down in

18  Mississippi.  And you need to tell Mr. Lin that there are no

19  good chain gangs.  So, Mr. Lin, this is going to be your

20  sentence:  Pursuant to the Sentencing Reform Act of 1984, as

21  modified by *U.S. v. Booker*, it is the judgment of the Court

22  that the defendant, Dong Lin, is hereby committed to the

23  custody of the Bureau of Prisons to be imprisoned for a term of

24  time served on Count 1 of the indictment.

25      Upon release, he shall be -- which, he's already been

1   released.  He shall be placed on supervised release for a term

2   of 3 years.  He shall comply with the standard -- following

3   mandatory conditions:  He shall not possess a firearm,

4   destructive device, or any other dangerous weapon.

5        He shall cooperate in the collection of DNA as directed.

6   He shall comply with the standard conditions adopted by this

7   Court and the following special conditions, which have been

8   outlined and justified in the addendum to the Presentence

9   Report.

10        He shall provide the probation officer with access to any

11   requested financial information.  He shall not incur new credit

12   charges or open additional lines of credit without approval of

13   the probation officer.  He shall participate in a program of

14   testing and treatment for substance abuse as directed.

15        Restitution in the amount of $7,165 shall be made directly

16   to the U.S. District Court Clerk's Office, Northern District of

17   Mississippi, for disbursement to the following victims:

18   Renasant Bank in Tupelo, $2,400; Regions Bank in New Albany,

19   $1,200; First American National Bank in Iuka, $1,147; Farmers &

20   Merchants Bank in Baldwyn $1,618; and BancorpSouth Bank in

21   Tupelo, $800.

22        Payment of restitution is due immediately, with any

23   remaining balance to be paid in equal monthly installments as

24   determined by application of the criminal monetary payment

25   schedule adopted by this Court.

1        The defendant is joint and severally liable for this

2 amount of restitution along with the co-defendant in this case.

3 I'm not going to order a fine because of his inability to pay

4 and the fact that he is working and trying to support his

5 family.  He shall pay a special assessment of $100 which is due

6 immediately.

7        You have the right to appeal any sentence imposed

8 illegally or as a result of a miscalculation of the guidelines

9 or outside the guideline range or one that is plainly

10 unreasonable.  If you are unable to pay for the cost of an

11 appeal, you may request the Court to waive such cost and/or

12 appoint you an attorney.

13        Mr. Lin, do you understand the sentence that I have just

14 stated?

15            THE DEFENDANT:  Yes.

16            THE INTERPRETER:  Yes, I have.

17            THE COURT:  All right.  I'm going to assume that

18 you're not going to commit any more crimes, and that you're

19 going to stay gainfully employed; and that you're going to take

20 care of your family.  Is that fair enough?

21            THE DEFENDANT:  Yes.

22            THE INTERPRETER:  Yes.

23            THE COURT:  All right.  Is there anything further?

24            MS. VAN MALDEN:  No, Your Honor.  Thank you.

25            THE COURT:  Anything --

1          MR. HALLOCK:  No, Your Honor.  Thank you.

2          THE COURT:  All right.  You're now excused.  The

3   Court will be in recess.

4          MS. VAN MALDEN:  Thank you.

5          THE DEFENDANT:  Thank you.

6             (THE HEARING ENDED AT 10:30 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    CERTIFICATE OF OFFICIAL REPORTER

2

3

4              I, Rita Davis Young, Federal Official Realtime

5  Court Reporter, in and for the United States District Court for

6  the Northern District of Mississippi, do hereby certify that

7  pursuant to Section 753, Title 28, United States Code that the

8  foregoing is a true and correct transcript of the

9  stenographically reported proceedings held in the

10 above-entitled matter; and that the transcript page format is

11 in conformance with the regulations of the Judicial Conference

12 of the United States.

13

14

15              Dated this 27th day of June, 2016.

16

17

18

19              /s/ Rita Davis Young
                RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20              Federal Official Court Reporter

21

22

23

24

25