```
                   UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF MISSISSIPPI


UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )          CASE NO. 3:15CR70
                                )
           vs.                  )
                                )
JIXIAN ZHU,                     )
                                )
        Defendant.              )


           SENTENCING AS TO COUNT 1 OF THE INDICTMENT
              BEFORE DISTRICT JUDGE MICHAEL P. MILLS
                THURSDAY, MAY 26, 2016; 11:00 A.M.
                       OXFORD, MISSISSIPPI

FOR THE GOVERNMENT:

      United States Attorney's Office
      MICHAEL HALLOCK, ESQ.
      900 Jefferson Avenue
      Oxford, Mississippi  38655-3608


FOR THE DEFENDANT:

      Goldberger & Dubin, PC
      EDGAR L. FANKBONNER, ESQ.
      401 Broadway, Suite 306
      New York, New York 10013

INTERPRETER:  Robin Murphy


      Proceedings recorded by mechanical stenography, transcript
produced by computer.


              RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
                   FEDERAL OFFICIAL COURT REPORTER
                 911 JACKSON AVENUE EAST, SUITE 369
                      OXFORD, MISSISSIPPI 38655
```

1      (CALL TO ORDER OF THE COURT)

2           THE COURT:  Mrs. Pennebaker-Wilkerson, would you call

3  the docket.

4           THE COURTROOM DEPUTY:  Court calls Cause No.

5  3:15CR70, United States of America v. Jixian Zhu.  This is a

6  sentencing as to Count 1 of the indictment.

7           THE COURT:  All right.

8      Who speaks for the Government?

9           MR. HALLOCK:  Michael Hallock.  Good morning, Your

10 Honor.

11          THE COURT:  Good morning.

12     And for the defense?

13          MR. FANKBONNER:  Good morning, Your Honor.  For

14 Mr. Zhu, Edgar Fankbonner.

15          THE COURT:  All right.  Do you have your client?

16          MR. FANKBONNER:  Yes, Your Honor.

17          THE COURT:  And who do we have from probation?

18          MR. COLE:  Brandon Cole, Your Honor.

19          THE COURT:  All right.

20     And do we have an interpreter?

21          THE INTERPRETER:  Yes, Your Honor.  Mandarin

22 interpreter Robin Murphy.

23          THE COURT:  All right.  And glad to have you.

24          THE INTERPRETER:  Thank you, Your Honor.

25          THE COURT:  Do we need to administer an oath to the

1  interpreter?

2          THE COURTROOM DEPUTY:  Yes, sir.

3      (OATH ADMINISTERED BY THE COURTROOM DEPUTY)

4          THE COURT:  Mr. Fankbonner, have you reviewed the
5  Presentence Report with your client?

6          MR. FANKBONNER:  I have, Your Honor.

7          THE COURT:  Do you have any unresolved objections?

8          MR. FANKBONNER:  No, Your Honor.

9          THE COURT:  Does the Government have any objections?

10         MR. HALLOCK:  No, Your Honor.

11         THE COURT:  Are you ready for the sentencing?

12         MR. FANKBONNER:  Yes, Your Honor.

13         THE COURT:  Come forward.

14      (PARTIES COMPLYING).

15         THE COURT:  Mr. Hallock, you need to come up here
16  too.

17         MR. HALLOCK:  Yes, Your Honor.

18         THE COURT:  All right.  Mr. Zhu, on a previous day,
19  you pled guilty to Count 1 of the indictment which charged you
20  with conspiracy to commit fraud involving counterfeit credit
21  cards.  You are now before the Court for sentencing.  And,
22  before you are sentenced, is there anything you would like to
23  say?

24         THE DEFENDANT:  I really regret that I have done
25  this.  I ask that the Judge will give me a light sentencing,

1  please.

2            THE COURT:  All right.

3       Mr. Fankbonner, did you have anything to say?

4            MR. FANKBONNER:  Your Honor, I would rely on the

5  submission that we submitted to the Court.  I know that Your

6  Honor has, in his possession, the number of letters that we

7  submitted from friends and family of my client.  In my

8  submission to the Court, I set forth his equities; and I know

9  the Court is aware of these.  So we would rely on these and

10 simply ask for lenity in sentencing today.

11           THE INTERPRETER:  Your Honor, the interpreter could

12 not hear the speaker.  Could you please ask him to use the

13 microphone?

14           MR. FANKBONNER:  Certainly.  I am relying on the

15 sentencing submission and the letters we submitted on Mr. Zhu's

16 behalf and ask the Court that my client be given lenity in

17 sentencing.

18           THE COURT:  All right.  Thank you.

19      Mr. Hallock, did you have anything to say?

20           MR. HALLOCK:  Your Honor, briefly, the United States

21 would like to state the defendant has cooperated; and we fully

22 expect him to testify truthfully should there be a trial

23 against the two other individuals who participated in this

24 scheme.  We have filed a 5K1.1; and we would also request a

25 dismissal of Counts 2 and 3, Your Honor.

1          THE COURT:  All right.  Thank you.

2     Well, Mr. Zhu, I'm about to state the reasons for your

3 sentence.  There being no objections, I will -- excuse me -- I

4 will adopt the Presentence Investigation Report without change.

5 Under the statute, you could receive 0 to 5 years'

6 imprisonment; up to a $250,000 fine; 0 to 3 years' supervised

7 release; and a $100 special assessment.

8     Under the guidelines, you have a total offense level of

9 six, a criminal history category of Roman Numeral II.  And the

10 guidelines provide for an imprisonment range of 1 to 7 months

11 and a supervised release range of 1 to 3 years and a fine of

12 1,000 to 9,500 dollars.  The fine will be waived because of

13 your inability to pay.

14     I have also reviewed your record here, and you have a

15 driving while intoxicated in 2013 for which you were ordered to

16 attend alcohol treatment.  And, more seriously, a 2013 assault,

17 third degree, with intent to cause physical injury and

18 menacing.  And, Mr. Fankbonner, what was the outcome of that

19 case?

20          MR. FANKBONNER:  He pleaded to the violation of

21 harassment, which is neither a misdemeanor or a felony.  It

22 carries a maximum of 15 days in jail, Your Honor.

23          THE COURT:  Okay.  What was he doing?

24          MR. FANKBONNER:  I believe that this was -- I don't

25 know the full facts of the case.  I know it was a dispute with

1  another individual. There was some kind of physical
2  altercation; but it, evidently, did not result in any injury to
3  the other party.
4          THE COURT: Okay.
5          MR. FANKBONNER: The statute, Your Honor, if I may,
6  generally contemplates physical contact with another person
7  where no injury is ultimately sustained.
8          THE COURT: And is he working anywhere now?
9          MR. FANKBONNER: Yes, Your Honor. He's employed
10 full-time at a Chinese restaurant in Brooklyn.
11         THE COURT: Okay. Now, I've also reviewed the
12 letters, Mr. Zhu, that your attorney has furnished that were
13 written on your behalf. I had a letter from your older sister,
14 Xinxin; and a letter from your cousin, Ting Lin; and a letter
15 from Zhirong Chen. And they all describe you as a very nice
16 person, kindhearted, and loving.
17     A letter from Yang Chen, one of your friends. And a
18 letter from Jingjing Li, who said that you are naive but
19 kindhearted and charitable and loving and helpful. And then a
20 letter from another friend, Dingming Dong, who attests to your
21 great sense of humor and kind heart. And all of these people
22 speak very highly of you.
23     And, after reviewing your history, I also see that you
24 have a total amount of restitution in this case of $7,165. I
25 have considered the advisory guideline range, the statutory

1  penalties, and the sentencing factors in 18 U.S.C. Section
2  3553(a)(2).  I find no reason to depart from the sentence
3  called for by application of the guidelines, and I note that
4  the Government has filed a 5K1.1 motion.
5          MR. HALLOCK:  Yes, Your Honor.
6          THE COURT:  Have we addressed that?  I think we have,
7  haven't we?
8          MR. HALLOCK:  I don't believe so, Your Honor.
9          THE COURT:  Okay.  What's the nature of his
10 cooperation?
11         MR. HALLOCK:  Your Honor, he has cooperated.  He has
12 proffered truthfully to the United States, and he is fully
13 willing -- and we believe that he will testify against the two
14 other individuals who participated in this scheme should they
15 be apprehended.
16         THE COURT:  Okay.  Well, I'll take that into
17 consideration.
18      And, based upon your cooperation and your agreement with
19 the Government, I determine that, pursuant to the Sentencing
20 Reform Act of 1984, that it is the judgment of the Court that
21 the defendant, Jixian Zhu, is hereby committed to the custody
22 of the Bureau of Prisons to be imprisoned for a term of time
23 served on Count 1 of the indictment.
24      Defendant shall be placed on supervised release for a term
25 of 3 years.  The defendant shall comply with the following

1    mandatory conditions:  He shall not possess a firearm,

2    destructive device, or any other dangerous weapon.  He shall

3    cooperate in the collection of DNA as directed.

4         He shall comply with the standard conditions that have

5    been adopted by this Court and the following special

6    conditions:  He shall provide the probation officer with access

7    to any requested financial information.

8         He shall not incur new credit charges or open additional

9    lines of credit without approval of the probation officer.  And

10   he shall participate in a program of testing and treatment for

11   substance abuse as directed.

12        Restitution in the amount of $7,165 shall be made directly

13   to the U.S. District Court Clerk's Office, Northern District of

14   Mississippi, for disbursement to the victims as follows:  To

15   Renasant Bank in Tupelo, Mississippi, $2,400; Regions Bank in

16   New Albany, Mississippi, $1,200; First American National Bank

17   in Iuka, Mississippi, $1,147; Farmers & Merchants Bank in

18   Baldwyn, Mississippi, $1,618; BancorpSouth Bank in Tupelo,

19   Mississippi, $800.

20        Payment is to be paid in equal monthly installments as

21   determined by application of the criminal monetary payment

22   schedule adopted by this Court, and the moneys are due

23   immediately.  The defendant is jointly and severally liable for

24   this amount, along with the co-defendant in this case.  No fine

25   is being ordered due to his inability to pay.  However, he

1  shall pay a special assessment of $100, which is due

2  immediately.

3      Mr. Zhu, you have the right to appeal any sentence imposed

4  illegally or as a result of a miscalculation of the guidelines

5  or outside the guideline range or one that is plainly

6  unreasonable.  If you are unable to pay for the cost of an

7  appeal, you may request the Court to waive such cost and/or

8  appoint you an attorney.  Do you understand the sentence that

9  I've just stated?

10          THE DEFENDANT:  Yes, I have, Your Honor.

11          THE COURT:  All right.

12     And did -- there were two other counts?  Is that correct?

13          MR. HALLOCK:  Yes.  Counts 2 and 3, we request those

14  to be dismissed at this time, Your Honor.

15          THE COURT:  And they will be.  And did those counts

16  also apply in that previous case?

17          MR. HALLOCK:  Yes, Your Honor.

18          THE COURT:  We need to go back and dismiss those

19  also.

20          THE COURTROOM DEPUTY:  Yes, sir.

21          MR. HALLOCK:  Okay, Your Honor.

22          THE COURT:  All right?

23      Anything further from the defense?

24          MR. FANKBONNER:  Nothing further, Your Honor.  Thank

25  you.

1    THE COURT:  All right.
2    Anything from probation?
3    MR. COLE:  Nothing, Your Honor.
4    THE COURT:  All right.  Wish you the best of luck.
5    MR. FANKBONNER:  Thank you.
6    THE COURT:  I thank the interpreter, and you're now
7 released.
8    THE INTERPRETER:  Thank you, Your Honor.
9        (THE HEARING ENDED AT 11:15 a.m.)

```
 1                  CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4             I, Rita Davis Young, Federal Official Realtime

 5   Court Reporter, in and for the United States District Court for

 6   the Northern District of Mississippi, do hereby certify that

 7   pursuant to Section 753, Title 28, United States Code that the

 8   foregoing is a true and correct transcript of the

 9   stenographically reported proceedings held in the

10   above-entitled matter; and that the transcript page format is

11   in conformance with the regulations of the Judicial Conference

12   of the United States.

13

14

15                        Dated this 27th day of June, 2016.

16

17

18

19                        /s/ Rita Davis Young
                          RITA DAVIS YOUNG, FCRR, RPR, CSR #1626
20                        Federal Official Court Reporter

21

22

23

24

25
```